UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                         )
WILLIAM M. TYREE,                        )
          Plaintiff,                     )
                                         )
v.                                       )     Civil Action No.
                                         )     23-12518-WGY
MAURA T. HEALEY, Governor,               )
          Defendant.                     )
_____)

MEMORANDUM AND ORDER

YOUNG, D.J.                                    January 29, 2024

William M. Tyree brings this action for declaratory and injunctive relief against Massachusetts Governor Maura Healey. For the reasons set forth below, the pending motions are denied and the Court grants plaintiff time to file an amended complaint limited to 25 pages in length including exhibits.

**I.   Background**

On October 23, 2023, William M. Tyree, a state inmate in custody at the Souza Baranowski Correctional Center, initiated this action by filing his self-prepared complaint, motion to waive Rule 8, motion for early discovery, motion for service, motion for permission to serve 2-sided copies, motion for oral argument, motion for permanent injunctive relief, motion to vacate ruling, and 4 motions for judicial notice. See Doc. Nos. 1 - 12.

By Procedural Order dated October 25, 2023, the Court

advised Tyree that to proceed he either must pay the filing fee or seek waiver of prepayment of the filing fee.  <u>See</u> Doc. No. 14.  In response to the Procedural Order, Tyree paid the $402.00 filing fee on November 17, 2023.  <u>See</u> Doc. No. 15.

Plaintiff's complaint seeks declaratory and injunctive relief based on two distinct legal claims asserted against Governor Maura T. Healey.  Doc. No. 1.  The claims against Governor Healey are brought against her in her official capacity.  <u>Id.</u>  The first legal claim seeks "declaratory and injunctive relief for the enforcement of Federal Highway Safety Statutes, 23 USC, §§ 402(b)(1)(B); 402(a)(2)(A)(iv); 402(c)(2)(B)(ii)(I)(II) §§405; §§406; the Eight[h] and Fourteenth Amendments of the United States Constitution."  <u>Id.</u> at 1.  The second legal claim seeks "declaratory and injunctive relief to review and vacate the ruling in <u>Gaskins</u> v. <u>Dennehy-Clarke</u>, 2008 U.S. Lexis 3150 (PBS), that found the ban on movies Rated-R/NC17 in the Dept. of Correction, was constitutional; Seeking declaratory and injunctive relief for the enforcement of <u>Turner</u> v. <u>Safely</u>, 482 U.S. 78 (1987); enforcement of 42 USC, §§ 1981; 1982; and 1983; 42 USC, §§20000cc, Et Seq., (RLUIPA); enforcement of the First Amendment (Right to information from movies/television; enforcement of the Establishment Clause and Free Exercise Clause); enforcement of the

Commerce Clause (Article-1, §8,Clause-3/Cooley Doctrine); the Fifth Amendment (Reasonable expectancy of a contract property Right from Swank Motion Picture Contract (SMPC); and Fourteenth Amendment of the United States Constitution." Id.

The complaint is accompanied by more than 500 pages of exhibits, Doc. Nos. 1-7, 1-8, as well as a letter of intent. Doc. No. 1-6.

## II.  Standard of Review

Although Tyree paid the filing fee, screening of the complaint is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim on which relief can be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a

3

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)). The relief claimed must be "plausible on its face." Id. at 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In conducting this review, the Court liberally construes Tyree's complaint because he is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III. Discussion

### A.   The Complaint is not Plausibly Pled

Plaintiff's complaint contains no factual allegations setting forth conduct on the part of the Governor sufficient to make out a "plausible entitlement to relief" under Twombly, 550 U.S. at 559.

To the extent the complaint references factual allegations contained in "letter of intent" accompanying the complaint, this 170-page letter, see Doc. 1-6, will not be considered when screening the complaint.  Plaintiff's use of exhibits, including

4

the letter of intent, does not excuse plaintiff of his responsibility to clearly set forth the relevant allegations in the body of the complaint.  The First Circuit has cautioned that "[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein...." Graf v. Hospitality Mut. Ins. Co., 754 F.3d 74, 76 (1st Cir. 2014) (internal citation and quotation marks omitted). The letter of intent does not fall into any exception to the general rule. See, e.g., Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) ("[C]ourts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint."). Here, the lengthy factual allegations and legal claims asserted in plaintiff's letter of intent cannot be effectively merged into the complaint and will not be considered.

### B.   Federal Highway Safety statutes

To the extent plaintiff alleges that the defendant violated several federal statutory provisions concerning highway safety, plaintiff has not stated an actionable federal claim.  Plaintiff suggests, among other things, that because the Commonwealth

receives federal funds, federal jurisdiction is present.  Neither the Federal-Aid Highways Act, 23 U.S.C. §§ 101 et seq., nor the Highway Safety Act, id. §§ 401 et seq., create an implied cause of action. Ramos Pinero v. Puerto Rico, 359 F. Supp. 2d 56, 57 (D.P.R. 2005), aff'd, 453 F.3d 48 (1st Cir. 2006).

### C.    Challenge to Gaskins v. Clarke

Plaintiff asks this court to review and vacate the ruling entered in Gaskins v. Clarke, No. 07-10084-PBS, 2008 WL 160826 (D. Mass. 2008).  The 2008 Gaskins ruling found that the ban on R and NC-17 rated movies is rationally connected to the penological goals of the Department of Correction.  Id.

Generally, a federal district court cannot review decisions rendered by another district court.  Rather, the courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291.  The Gaskins case was affirmed on appeal and certiorari was denied by the United States Supreme Court.  See Gaskins v. Clarke, No. 07-10084-PBS, 2008 WL 160826 (D. Mass. 2008), aff'd, No. 08-1208 (1st Cir. Sept. 18, 2008), cert. denied, 555 U.S. 1119 (2009).

### D.    Claim Preclusion

Plaintiff's legal claims appear to be barred by the doctrine of res judicata. Although plaintiff submits a sworn certification

6

that he never litigated against Governor Healey the two legal claims raised in the instant complaint, see Doc. No. 1-5, plaintiff previously and unsuccessfully litigated the same claims in a state court proceeding brought against the former governor and others. See Tyree v Baker, et al., No. 1984cv01535 (Mass. Super. Ct. Suffolk Co. filed May 14, 2019).

"Res judicata -- also known as claim preclusion -- is a longstanding legal doctrine that 'a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in the prior action.'" Rivera-Rosario v. LSREF2 Island Holdings, Ltd., Inc., 79 F.4th 1, 2 (1st Cir. 2023) (quoting Haag v. United States, 589 F.3d 43, 45 (1st Cir. 2009)).

While claim preclusion is an affirmative defense, judges have discretion to raise affirmative defenses, including preclusion. Comerford v. Steward, No. 05-10439-WGY, 2005 WL 8176070, at *4 (D. Mass. 2005) (citation omitted). Plaintiff's state court actions previously and unsuccessfully litigated the same claims in state court proceedings brought against the former governor and others. See Tyree v Baker, et al., No. 1984cv01535 (Mass. Super. Ct. Suffolk Co. filed May 14, 2019); see also Tyree v. Comm'r of Corr., No. 18-P-854, 2019 WL 1578684, at *2 (Mass. App. Ct. Apr. 12, 2019)

(concurring "with the reasoning in Gaskins" and "concluding that
regulations limiting prisoner viewing of R/NC-17 movies are
facially valid").  The preclusive effect of a state court judgment
in a subsequent federal court proceeding is determined according
to the law of the state in which the judgment was rendered.  Migra
v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).

     "Claim preclusion makes a valid, final judgment conclusive
on the parties and their privies, and prevents relitigation of
all matters that were or could have been adjudicated in the
action." Kobrin v. Board of Registration in Medicine, 444 Mass.
837, 843 (2005) (quoting O'Neill v. City Manager of Cambridge,
428 Mass. 257, 259 (1998) (further citation omitted)).  For
claim preclusion to apply, the respective parties must be
identical or in privity with the parties in the prior action,
the causes of action must be the same or arise from the same
nucleus of operative facts, and there must have been a final
judgment on the merits in the prior action. Cavic v. America's
Servicing Co., 806 F. Supp.2d 288, 290 (D. Mass. 2011).

     The Court finds that privity exists between Governor Healey
here and former Governor Baker in the state court action because
"an official sued in his official capacity 'is a proxy for the
government entity that employs him and is in privity with that

8

entity.'" <u>Alston v. Town of Brookline Massachusetts</u>, 308
F.Supp.3d 509, 550 (D. Mass. 2018) (citing <u>Goldstein v. Galvin</u>,
719 F.3d 16, 23 (1st Cir. 2013)).  Thus, the elements for <u>res
judicata</u> are met here.

　　　To the extent Tyree's current claims are distinct from his
original state court claims, and to the extent they go
"significantly beyond the nucleus of operative facts alleged in
the state-court case," <u>Alston v. Town of Brookline</u>, 997 F.3d 23,
39 (1st Cir. 2021), Tyree may assert such claims in an amended
complaint.

**III. Conclusion and Order**

　　　For the aforementioned reasons, it is hereby Ordered:

1. Following screening under 28 U.S.C. § 1915A, the complaint
   is dismissed for failing to state a claim upon which relief
   may be granted.

2. Tyree may file an amended complaint no later than March 4,
   2024.  If Tyree chooses to file an amended complaint, the
   amended complaint shall be limited to 25 pages in length
   including any exhibits and shall address the deficiencies
   set forth above.  Failure to comply with this directive
   within 35 days of the date of this Memorandum and Order
   will result in dismissal of this action.

9

3. The motion (Doc. No. 2) to waive Rule 8 is denied.

4. The ex-parte motion (Doc. No. 3) for leave to take early discovery is DENIED.

5. The motion (Doc. No. 4) to serve the complaint and all initial motions is DENIED.

6. The motion (Doc. No. 5) for permission to serv e two sided copies is DENIED.

7. The motion (Doc. No. 6) to be heard to present oral argument is DENIED.

8. The motion (Doc. No. 7) for permanent injunctive relief is DENIED.

9. The motion (Doc. No. 8) to vacate the ruling of Gaskins v. Clarke, is DENIED.

10.  The motions (Doc. Nos. 9 – 12) for judicial notice are DENIED.

**SO ORDERED.**

Dated: January 29, 2024          /s/ William G. Young
                                 WILLIAM G. YOUNG
                                 UNITED STATES DISTRICT JUDGE